**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RICHARD USHER,<br><br>        Plaintiff,<br><br>    v.<br><br>THE UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,<br><br>        Defendants. | Civil Docket No. 23-cv-02086 (JMC) |

**DEFENDANTS' SURREPLY IN OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants respectfully submit this surreply to address Plaintiff's contention in their reply brief that the government "conceded" a lack of foreseeable harm under Exemption 5 for the FD-302s that the government had previously produced to defendants in *Leopold v. DOJ*, 487 F. Supp. 3d 1 (D.D.C. 2020).  The government did not concede a lack of foreseeable harm in *Leopold* and is not taking a "contrary position" here.  Reply 9–10.  Rather, the government took no position on the issue and released the FD-302s as a matter of discretion.  The government's declaration noted that prosecutors in the Special Counsel's office had "no occasion or reason to fully evaluate whether the Department could assert the attorney work product doctrine under FOIA Exemption 5 and the applicable case law."  Medici Decl. Ex. 1 (Weinsheimer Decl.) ¶ 34.

The D.C. Circuit has held that discretionary disclosures do not waive the government's right to withhold exempt documents in future cases.  *Williams & Connolly v. SEC*, 662 F.3d 1240, 1245 (D.C. Cir. 2011).  Agencies "frequently turn over documents even though FOIA may not strictly require them to do so" for a variety of reasons.  *Id.*  If such discretionary disclosures bound the government in future cases, it would "impinge on executive discretion and . . . deter agencies from voluntarily honoring FOIA requests."  *Id.*

It remains the case that *Leopold*'s holding on foreseeable harm supports the government's withholdings in this case.  As in *Leopold*, "disclosing the contents of the FD-302s"—which are not in the public domain—"'would [] indirectly reveal the mental impressions, assessments, and thought processes of the attorneys involved in the investigation . . . contrary to the purpose of the attorney work product doctrine,' which would 'inhibit the flexibility with which future [prosecutors] might structure and pursue investigations.'"  487 F. Supp. 3d at 10 n.4 (quoting Weinsheimer Decl. ¶ 38)).

Dated:  May 3, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

/s/ John Robinson
JOHN ROBINSON (Bar. No. 1044072)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L. Street, NW
Washington D.C. 20005
(202) 616-8489
john.j.robinson@usdoj.gov

*Counsel for Defendants*