UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD USHER,

        Plaintiff,

  v.

UNITED STATES DEPARTMENT OF JUSTICE, *et al.*,

        Defendants.

Case No. 23-cv-2086 (JMC)

## MEMORANDUM OPINION

For years, Plaintiff Richard Usher has sought records related to an antitrust prosecution brought against him by the Department of Justice. ECF 25-1 at 9, 11. As part of that quest, he filed this Freedom of Information Act (FOIA) suit against the Department, the United States Attorney General, and the Assistant Attorney General for the Antitrust Division of the United States Department of Justice.[1] As of July 2025, the Government withdrew most of the exemptions they had previously asserted and agreed to re-process many previously withheld records. *See* ECF 37; July 21, 2025 Min. Order. Only one dispute remains between the Parties: whether the Government properly withheld under Exemption 3 certain portions of documents that referenced grand jury exhibits. The Court finds that they did not. Accordingly, the Court **GRANTS** Plaintiff's motion for summary judgment on the Exemption 3 issue, ECF 25, and orders that the Government produce the withheld sections of notes, except for minor remaining redactions. Defendants' motion for summary judgment, ECF 24, is **DENIED**.

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

"[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). A court will grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In FOIA cases, it is the defending agency's burden to prove it has complied with its obligations under the statute. *DOJ v. Tax Analysts*, 492 U.S. 136, 142 n.3 (1989). To satisfy that burden, the "agency must prove that each document that falls within the class requested either has been produced, is unidentifiable[,] or is wholly exempt from the Act's inspection requirements." *Weisberg v. DOJ*, 627 F.2d 365, 368 (D.C. Cir. 1980).

Exemption 3 of the FOIA statute provides that FOIA's disclosure obligation "does not apply to matters that are . . . specifically exempted from disclosure by [another] statute" if that statute "(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue," or "(ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(A). Federal Rule of Criminal Procedure 6(e) is one such qualifying statute. *Fund for Constitutional Gov't v. Nat'l Archives & Records Serv.*, 656 F.2d 856, 858 (D.C. Cir. 1981). The Rule bars disclosure of "matter[s] occurring before a grand jury," but "[t]here is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers." Fed. R. Crim. P. 6(e); *Senate of the Commw. of Puerto Rico v. DOJ*, 823 F.2d 574, 582 (D.C. Cir. 1987) (emphasis in original). Instead, the Court must inquire "whether disclosure would 'tend to reveal some secret aspect of the grand jury's investigation' such . . . as 'the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, [or] the deliberations or questions of jurors.'" *Id*.

The Parties' dispute centers on nine pages of notes that record a cooperating witness's interview with the Federal Bureau of Investigation (FBI). As part of that interview, the witness was shown certain documents that were grand jury exhibits and are labeled as such in the interview notes. Asserting Exemption 3, the Government redacted large sections (and sometimes entire pages) of the notes, citing the discussion of "specific records subpoenaed by a federal grand jury." ECF 24-1, Seidel Decl. ¶ 15–16 (noting that the discussion "explicitly references grand jury exhibits and provides details about the contents of those documents"). Plaintiff, on the other hand, argues that the Government has not established that the "withheld pages contain 'substantive references to the grand jury,' 'a grand jury heading or exhibit stamp,' or other indicia that would reveal the existence and activities of a grand jury." ECF 25-1 at 51 (citing *Bagwell v. DOJ*, 588 F. Supp. 3d 58, 69 (D.D.C. 2022)). As a result, Plaintiff argues that the Government should "only redact the statement that identifies the documents as grand jury exhibits," releasing the witness's discussion of the documents' contents. ECF 29 at 29.

After its in-camera review of the relevant documents, the Court agrees with Plaintiff that publication of the redacted sections would not "tend to reveal some secret aspect of the grand jury's investigation." *Senate of the Commw. of Puerto Rico*, 823 F.2d at 582. The redacted sections consist of notes documenting an interview occurring outside of grand jury proceedings, and do not reference grand jury transcripts or deliberations. Instead, the notes analyze chatroom discussions related to trading activity that the witness participated in, and reference public market data on the foreign-exchange market. Had the Government not invoked Exemption 3 so broadly and merely redacted the lines identifying certain documents shown to the cooperating witness in the interview as grand jury exhibits, Plaintiff and the public "would never have known that any of the documents had been subpoenaed by a grand jury." *Labow v. DOJ*, 831 F.3d 523, 530 (D.C. Cir. 2016).

The Government has not shown that the release of these documents would "compromis[e] the secrecy of a grand jury's deliberations," or "reveal the direction of the grand jury's investigation." *Labow*, 831 F.3d at 529–30. As such, the Government is required to disclose all sections of the notes to Plaintiff, except for the lines of text specifically identifying the documents in question as grand jury exhibits. Of course, as the Circuit has acknowledged, "if the documents are now belatedly released, it might be apparent that they had been subpoenaed by a grand jury given that the potential connection with a grand jury is now known." *Id.* at 530. That does not bar disclosure, however, because "the relevant question is whether the documents would have revealed the inner workings of the grand jury had they been released in response to the initial FOIA request." *Id.* The Court concludes they would not. As a result, Defendants' invocation of Exemption 3 falls flat and the Court will grant summary judgment in Plaintiff's favor on this sole remaining issue.[2]

\* \* \*

For the foregoing reasons, Defendants' motion for summary judgment, ECF 24, is **DENIED**, and Plaintiff's motion for summary judgment, ECF 25, is **GRANTED**. Defendants are **ORDERED** to produce the relevant pages of the Gardiner Notes, subject to the remaining Exemption 3 redactions. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

_____
JIA M. COBB
United States District Judge

Date: September 9, 2025

---

[2] Defendants have withdrawn their assertions of Exemption 5 and 7(D). ECF 37. It is also the Court's understanding that there is no longer a live dispute as to Exemptions 6 and 7(C). July 21, 2025 Min. Order. In the accompanying order granting summary judgment to Plaintiff on the Exemption 3 issue, the Court will also order the Clerk of the Court to terminate this case.